G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
ELIZABETH QUINTERO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH QUINTERO,

      Plaintiff,

      vs.

USA DISCOUNTERS CREDIT, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES LLC,
TRANS UNION LLC; and DOES 1 to
20, inclusive,

      Defendants.

Case No.:    **'13 CV 1225 BTM BLM**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, ELIZABETH QUINTERO, individually and behalf of the

general public, by her attorneys, Price Law Group, APC, hereby alleges the

following against Defendants, USA Discounters Credit, LLC (hereinafter, "USA

Discounters"), Experian Information Solutions, Inc. (hereinafter "Experian"),

Equifax Information Services (hereinafter "Equifax"),  Trans Union LLC,

(hereinafter "Trans Union"), and Does 1-20.

## INTRODUCTION

2.      Count I of Plaintiff's Complaint against all Defendants is based on

the Fair Credit Reporting Act, 15 U.S.C. §§1681 *et seq.* ("FCRA").

3.      Count II of Plaintiff's Complaint against all Defendants is based on

California Consumer Credit Reporting Agencies Act, California Civil Code

§§ 1785.25 ("CCCRAA").

4.      Count III of Plaintiff's Complaint against all Defendants is based on

the Business and Professions Code §§ 17200 et seq.

## VENUE AND JURISDICTION

5.      Jurisdiction of this court arises pursuant to 15 U.S.C. §1681(p), which

states that such actions may be brought and heard before "any appropriate United

States district court, without regard to the amount in controversy."

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      Plaintiff , ELIZABETH QUINTERO, is a natural person who resides

in San Diego, California. Plaintiff is a "consumer" as defined by the FCRA, 15

U.S.C. § 603(c).

COMPLAINT

8.     Defendant USA Discounters is a limited liability company with its headquarters located at 3320 Holland Road, Virginia Beach, Virginia, but is registered to do business and does do business in the State of California.

9.     Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams, Chicago, Illinois.  At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.     Defendant, Equifax Information Services LLC (hereinafter "Equifax"), is a limited liability company with its headquarters located at 1550 Peachtree Street, Northeast, Atlanta, Georgia 30309.  At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or

COMPLAINT

furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11.   Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12.   Defendants Does 1 through 20 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts herein alleged, is responsible in some manner for the matters herein alleged, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true identities and capacities of such fictitiously named defendants when ascertained.

COMPLAINT

13.   At all relevant times herein, Defendants were entities engaged in the practice of providing consumer information to consumer reporting agencies, and are therefore a "furnisher of information" as discussed in 15 U.S.C. §623 and other sections of the FCRA.

14.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15.   Sometime before May 5, 2005, Plaintiff is alleged to have incurred certain financial obligations from Defendant USA Discounters under account number 3914592, to the amount of $4,683.00.

16.   Plaintiff discovered that she was the victim of identity theft, and on May 1, 2007 filed a police report with the Los Angeles Police Department on May 5, 2007, wherein Plaintiff states, upon information and belief, that an unknown person or persons obtained Plaintiff's personal information and opened an account with Defendant USA Discounters and made fraudulent transactions without Plaintiff's knowledge or permission.

17.   On December 19, 2008, Defendant USA Discounters obtained an Earnings Withholding Order in San Diego County Superior Court, authorizing

COMPLAINT

Defendant USA Discounters to garnish Plaintiff's wages in the amount of $5,180.46 until the total amount had been collected.

18.    The debt that resulted in the garnishment of Plaintiff's wages did not belong to, nor was it incurred, by Plaintiff.

19.    On March 20, 2009, Plaintiff filed a Claim of Exemption against USA Discounters in the South County Regional Center, which was granted in total, resulting in the return and restitution of all wages taken in the garnishment granted on December 19, 2008.

20.    In November of 2012, Plaintiff contacted Defendants Trans Union, Experian, and Equifax via mailed correspondence in an attempt to communicate that, inter alia, the alleged debt owed to Defendant USA Discounters was not incurred by nor owed by Plaintiff.

21.    On February 2, 2012, approximately five years after first having garnished Plaintiff's wages, and after the expiration of the Statute of Limitations, Defendant obtained an Earnings Withholding Order from the San Diego County Superior Court authorizing Defendant USA Discounters to garnish Plaintiff's wages in the amount of $5,180.46 until the total amount had been collected.

22.    On March 15, 2013, approximately five years after first having garnished Plaintiff's wages, and after the expiration of the Statute of Limitations, Defendant USA Discounters withheld $300.01 from Plaintiff's paycheck.

COMPLAINT

23.    On March 29, 2013, approximately five years after first having garnished Plaintiff's wages, and after the expiration of the Statute of Limitations, Defendant USA Discounters withheld $277.77 from Plaintiff's paycheck.

24.    On April 12, 2013, approximately five years after first having garnished Plaintiff's wages, and after the expiration of the Statute of Limitations, Defendant USA Discounters withheld $301.73 from Plaintiff's paycheck.

25.    On April 26, 2013, approximately five years after first having garnished Plaintiff's wages, and after the expiration of the Statute of Limitations, Defendant USA Discounters withheld $304.31 from Plaintiff's paycheck.

26.    In response to Defendant USA Discounters' garnishments, Plaintiff filed a Claim of Exemption.

27.    Plaintiff's Claim of Exemption was partially denied, resulting in the authorized amount of garnishment from $300.00 to $40.00 per paycheck.

28.    To date, Defendant USA Discounters has withheld $1,182 from Plaintiff's paycheck, for an account that does not belong to her.

29.    Plaintiff was not employed at the time she signed the original contract with Defendant USA Discounters Credit LLC.

30.    Plaintiff signed the original contract with Defendant USA Discounters Credit LLC on October 17, 2007.

COMPLAINT

31.    To date, neither Equifax, Experian, nor Trans Union has deleted Defendant USA Discounters trade lines from Plaintiff's credit report.

### FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.)**

32.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.    Defendants (except Experian, Equifax, and Trans Union), after receiving notice of a dispute pursuant to 15 U.S.C. § 1681i(a)(2) with regard to the completeness or accuracy of information provided by said defendants to a consumer reporting agency about Plaintiff, violated 15 U.S.C. § 1681s-2(b) by:

   a) Failing to conduct an investigation with respect to that disputed information;

   b) Failing to review all relevant information provided by the consumer reporting agencies regarding the dispute;

   c) Failing to report the results of the investigation to the consumer reporting agencies who gave notice of the dispute; and/or

   d) After defendants' investigation found that their credit reporting with respect to Plaintiff was incomplete or inaccurate, failing to report those results to all other consumer credit reporting agencies

which defendants furnished the disputed information and which

compile credit files on consumers on a national basis.

34.   Defendants Experian, Equifax, Trans Union, and Does 1-20 violated

15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure

maximum possible accuracy of the information contained in a consumer report.

35.   Defendants Experian, Equifax, Trans Union, and Does 1-20 violated

15 U.S.C. § 1681i by:

a)  Upon being notified by Plaintiff that she was a victim of identity

theft and disputed any credit reporting by Defendant USA

Discounters, failing to conduct a reasonable reinvestigation of

plaintiff's disputes and failing to timely delete the disputed items

from Plaintiff's credit file;

b)  Failing to provide Defendant USA Discounters with all relevant

information regarding Plaintiff's disputes which they received

from Plaintiff;

c)  Failing to review and consider all relevant information provided by

Plaintiff concerning her disputes, within the timeline permitted by

law; and

COMPLAINT

d) After reinvestigation, failing to promptly delete the disputed items from Plaintiff's credit file finding that the items were inaccurate or incomplete or could not be verified.

36. Defendant's violations described above were willful.

37. Defendant's violations described above were negligent.

38. Plaintiff has suffered actual damages as a result of Defendants' violations, and is entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

39. Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

40. Plaintiff is entitled to recover the costs of the action, together with reasonable attorneys' fees pursuant to §§ 1681n and 1681o.

### SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq.)**

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Defendants (except Experian, Equifax, and Trans Union) violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate.

COMPLAINT

43.     Defendants (except Experian, Equifax, and Trans Union) violated Civil Code § 1785.25(b) by determining that they had reported inaccurate or incomplete information about a transaction or experience to consumer reporting agencies and subsequently failing to (1) notify the consumer credit reporting agency of the determination, and (2) provide corrections or additional information necessary to make the information complete and accurate.

44.     Defendants (except Experian, Equifax, and Trans Union) violated Civil Code § 1785.25(c) by furnishing information about a transaction or experience, the accuracy or completeness of which was subject to a continuing dispute, to a consumer credit reporting agency, without also including a notice that the information was disputed.

45.     Defendants (except Experian, Equifax, and Trans Union) violated § 1785.16(a) with respect to the completeness or accuracy of information provided by such defendants to a consumer credit reporting agency about Plaintiff, violated § 1785.25(f) by: (1) failing to complete an investigation with respect to the disputed information; (2) failing to report the results of an investigation to the consumer reporting agency within the time allowed by law; and/or (3) failing to review relevant information submitted to them.

46.     Defendants Experian, Equifax, and Trans Union and Does 1-20 violated § 1785.14(b) by preparing a consumer credit report concerning plaintiff

- 11 -

without following reasonable procedures to assure the maximum possible accuracy of the information contained therein.

47.    Defendants Experian, Equifax, and Trans Union and Does 1-20 violated § 1785.16(k) by (1) failing to promptly and permanently block information on Plaintiff's consumer credit report which Plaintiff alleged appeared as a result of identity theft, after receiving a copy of a valid police report from Plaintiff concerning said identity theft; and (2) failing to promptly notify the furnisher that the information had been permanently blocked.

48.    Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to pain and suffering.  Plaintiff has also suffered actual damages due to having her wages improperly garnished.

49.    Defendants' violations of the CCCRAA were negligent and entitle Plaintiff to recover actual damages pursuant to § 1785.31.

50.    Defendant's violations of the CCCRAA were willful, and thus entitle Plaintiff to recover punitive damages of up to $5,000.00 per violation, and any other relief this honorable Court deems proper, pursuant to § 1785.31.

51.    Plaintiff has been aggrieved by Defendants' violations described herein, and seeks injunctive relief to put an end to said violations on behalf of other consumers pursuant to § 1785.31(b).

52.     Plaintiff is entitled to an award of attorneys' fees and costs pursuant to § 1785.31(d).

## THIRD CAUSE OF ACTION
**(Against All Defendants for Violations of Business and Professions Code § 17200 et seq.)**

53.     Plaintiff incorporates the foregoing paragraphs as though the same as were set forth at length herein.

54.     Plaintiff brings this action as a private attorney general acting on behalf of the general public, pursuant to Business and Professions Code § 17200, et seq. Plaintiff is acting in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on behalf of the general public. Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law" (hereinafter, "the UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution on behalf of general public as remedies for any violations of the UCL.

55.     At all times relevant herein, defendants have committed acts of unfair competition proscribed by the UCL. Defendants' business acts and practices were unlawful, including but not limited to (1) defendants' statutory violations as described above.

- 13 -
COMPLAINT

56.    The business acts and practices of Defendants, as alleged herein, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to plaintiffs and other customers. Such acts and practices have no utility that could hope to outweigh their substantial harm.

57.    The business practices and acts of Defendants, as alleged herein, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and adversely affect the legal rights and obligations of consumers, and may preclude consumers from exercising the legal rights to which they are entitled.

58.    The unlawful, unfair, and fraudulent business practices and acts of defendants present a continuing threat to members of the general public in that Defendants are currently engaging in such practices, and will persist in doing so unless and until an injunction is issued by this honorable Court.

59.    Pursuant to Business and Professions Code §17203, Plaintiff seeks an order enjoining Defendants from engaging in such acts and practices as alleged in this Complaint, and ordering that Defendants disgorge all ill-gotten gains and provide appropriate restitution to Plaintiff and members of the general public.

60.    Plaintiff seeks recovery of attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action pursuant to Code of Civil Procedure § 1021.5.

COMPLAINT

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a)  Actual damages;

b)  Statutory damages;

c)  Punitive damages;

d)  For injunctive relief, restitution, and/or disgorgement of ill-gotten gains;

e)  For prejudgment interest to the extent permitted by law;

f)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

g)  Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  May 22, 2013                    **PRICE LAW GROUP APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ELIZABETH QUINTERO demands trial by jury in this action.